# MEMORANDA

# CASES NOT REPORTED IN FULL.

## IN THE MATTER OF SAMUEL J. CROOKS.

*Referee—when an adjournment should be granted on account of the professional
engagement of a party—when a referee has no power to strike out testimony on
the failure of a witness to appear for cross-examination.*

APPEAL from an order made at Special Term confirming a
referee's report.

It appeared that an order of reference was made herein on the
application of Hannah Jacobs, by which the referee, George F.
Martens, was directed to ascertain the amount collected by the
appellant, Samuel J. Crooks, in the matters set forth in the petition,
and what, if any, liens he had thereupon for services rendered, and
to report the testimony with his opinion thereon. The referee,
after several adjournments, proceeded with the examination of the
appellant, and before his cross-examination was concluded an adjourn-
ment was had, and thereafter still another adjournment to the 17th
of July, 1880. The appellant did not appear on that day, and an
application was made to adjourn, on the ground that he was profes-
sionally engaged at Poughkeepsie, and therefore unable to attend.
The motion to adjourn was denied, and then the testimony of the
appellant which had been taken before the referee was, on motion
of the petitioner's counsel, stricken out, and the reference closed
and a report made to this court. Exceptions were duly filed and a
hearing upon them had, which resulted in an order confirming the
report of the referee.

The court at General Term said: "There is nothing contained
in the report of the referee to show that the statement made of the
engagement of the appellant at Poughkeepsie was untrue; and it

does not appear by anything in the record to have been questioned. There was no denial at the time, according to the record, of the truth of this statement. Assuming it to have been true, the application for an adjournment was a reasonable one and should have been granted. There is nothing, either, in the report showing that the appellant received any money belonging to the petitioner except that which is contained in his evidence, and which, as we have stated, was stricken out by the referee on motion for that purpose. It appears, from the brief of the petitioner's counsel, that the evidence was contained in the affidavit read by the appellant on the motion which resulted in the reference. But it does not appear from the report of the referee that that affidavit was exhibited to him or any portion of its contents given. Abstractly considered, there is no evidence before the referee of the receipt of the money by the appellant. But we do not base our decision upon that ground. We think that the referee erred, under the circumstances, in striking out the testimony. It was his duty to have reported all the proceedings had before him and the failure of the appellant to appear for cross-examination, to the court, and left the ultimate determination of the proceedings to the decision of the court.

" The referee was not vested with the power which he attempted to exercise. That belonged to the court, and to the court only."

*Samuel J. Crooks*, appellant in person.

*H. H. Morange*, for the respondent.

Opinion Per Curiam.

Present — Davis, P. J., and Brady, J.

Order reversed, and proceedings remitted to the Special Term.